**In re M.A. BRYANT and Vivian Bryant, Debtors.**

**M.A. Bryant and Vivian Bryant, Plaintiffs,**

v.

**United States of America, Defendant.**

**No. Civ.A. 98–0116–A.**

United States District Court,
W.D. Virginia,
Abingdon Division.

Nov. 5, 1998.

See also 1999 WL 333238.

Millard Bryant, Chilhowie, VA, plaintiff pro se.

Vivian Bryant, Chilhowie, VA, plaintiff pro se.

Steven Randall Ramseyer, U.S. Attorney's Office Abingdon, VA, for Farmers Home Administration, defendant.

## OPINION

JONES, District Judge.

In this action for a declaratory judgment, in which jurisdiction was withdrawn from the bankruptcy court, judgment on the pleadings will be entered for the defendant.

### I

The plaintiffs, M.A. and Vivian Bryant, are operators of a dairy farm in Smyth County, Virginia. In 1985 they obtained a farm loan from Farmers Home Administration ("FmHA") and granted the agency a security interest in all crops, farm equipment and livestock then owned or thereafter acquired by them to secure the due payment of the loan. In 1987 the Bryants filed a reorganization proceeding under Chapter 11 of the Bankruptcy Code. The bankruptcy court approved a plan of reorganization by which a portion of the debt to FmHA was refinanced with the creditor maintaining a first security interest.

Thereafter, Farm Service Agency, a successor agency to FmHA, denied the Bryants the opportunity for "servicing" of the loan, by which the loan might have been restructured or written off, on the ground that the Bryants did not exhibit "good faith" in complying with the loan agreement. According to the agency, the Bryants disposed of certain cattle that were collateral for the loan without obtaining the permission of the agency.

The Bryants sought an administrative appeal of this agency decision and when that was unsuccessful, filed suit in this court for review under the Administrative Procedures Act.[1] After briefing and oral argument, summary judgment in that suit was entered in favor of the government.[2]

In the meantime, the Bryants had filed the present adversary proceeding in their Chapter 11 case in the bankruptcy court, seeking a declaration that the FmHA lien did not include those cattle purchased from Danny Umbarger and Ike Fleenor. On July 1, 1998, the defendant moved to withdraw reference from the bankruptcy court pursuant to 28 U.S.C.A. § 157(d) (West 1993), on the ground that *Bryant I* was then pending before this court and the "facts and issues in both proceedings are similar."[3] By order entered July 13, 1998, the motion was granted and reference was withdrawn.

The main argument by the Bryants in *Bryant I* was that the agency had erred in determining that the Bryants had not acted in good faith in disposing of cattle which the agency asserted were part of the collateral for the loan. Instead, the Bryants contended that FmHA had no lien on the cattle purchased from Umbarger and Fleenor. In the *Bryant I* decision I determined that the agency had been correct in rejecting this contention. Since the present case appears to raise the same issue, by order entered October 13, 1998, I directed the parties to show cause why judgment for the defendant should not be entered for the same reasons set forth in the opinion in *Bryant I*.

The Bryants have filed a response to the order to show cause, setting forth the reasons why they believe judgment should not be entered in this case.

## II

The Bryants assert that there are three reasons why this case is not foreclosed by the final judgment in *Bryant I*.

The first reason is that the plaintiffs wish to use this proceeding to discover if Ike Fleenor in fact obtained a purchase money security interest in the cattle which he sold to the Bryants. The Bryants purchased these cattle in the mid–1980s, and apparently have never been able to locate evidence of any written security agreement. However, as explained in my opinion in *Bryant I*, even if there were a valid security agreement, it would not mean that the Bryants owned the cattle free of FmHA's lien.

The second ground is that the Bryants desire to obtain the testimony of Harry Fleming, a FmHA employee, as to his knowledge of the Bryants' purchases of cattle from Fleenor and Umbarger. However, Mr. Bryant testified in the administrative hearing that Fleming did know of the purchases and the fact that the Bryants owed Fleenor and Umbarger for the cattle. Even with this uncontradicted testimony, I found that the priority of the FmHA lien was not affected. Accordingly, Fleming's testimony would add nothing new to the resolution of the issue.

Finally, the Bryants' attorney has filed a number of documents which his clients have requested be included in the record. I have reviewed these documents, and I find that they make no difference to the legal issue before the court.

The aim of this case is to obtain a ruling that FmHA had no lien on the cattle purchased from Umbarger and Fleenor. That was the main contention in *Bryant I*, which has been decided contrary to the Bryants' position.

 As noted by the Supreme Court,

---

**1.** 5 U.S.C.A. §§ 702–706 (West 1996).

**2.** *Bryant v. Secretary, U.S. Dept. of Agriculture,* 227 B.R. 89 (W.D.Va.1998) The first case is hereafter referred to as *Bryant I*.

**3.** Request to Withdraw Reference, July 1, 1998. (Doc. No. 17.)

[a] fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties or their privies...."

*Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) (quoting *Southern Pacific R. Co. v. United States,* 168 U.S. 1, 48–49, 18 S.Ct. 18, 42 L.Ed. 355 (1897)). Once an issue is actually and necessarily determined by a court in a final judgment, that issue is conclusive between the parties, even in a different cause of action. *See Harnett v. Billman,* 800 F.2d 1308, 1314 (4th Cir.1986) (holding that the rule of claim preclusion applies to any claim in the second action "involv[ing] a right arising out of the same transaction or series of connected transactions that gave rise to the claims in the first action.")

■ Judgment on the pleadings under Fed.R.Civ.P. 12(c) should be granted if the defendant is entitled to judgment as a matter of law. *See Burns Int'l Security Servs., Inc. v. International Union, United Plant Guard Workers,* 47 F.3d 14, 16 (2d Cir.1995). The court is authorized to grant judgment on the pleadings sua sponte, so long as the parties have been given an opportunity to be heard on the issue, as they have here. *See Flora v. Home Fed. Sav. & Loan Ass'n,* 685 F.2d 209, 211 (7th Cir.1982).

■ In summary, the Bryants had a full and fair opportunity to litigate their position in *Bryant I.* No legitimate reasons exist to prolong the matter.

### III

For the foregoing reasons, final judgment will be entered for the defendant.